UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| POLO SHU HSU, | ) | 1:11-cv—01683-AWI-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION FOR VOLUNTARY DISMISSAL OF |
| | ) | THE PETITION (DOC. 8) |
| v. | ) | |
| | ) | ORDER DISMISSING WITHOUT |
| MICHAEL L. BENOV, Warden, | ) | PREJUDICE THE PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS ON THE GROUND OF |
| Respondent. | ) | MOOTNESS (DOC. 1) |
| | ) | |
| | ) | ORDER DIRECTING THE CLERK TO |
| | | CLOSE THE ACTION |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the Court is the Petitioner's motion for voluntary dismissal of the petition, which was filed on October 24, 2011.

Although on October 13, 2011, the Court directed Respondent to file a response to the petition in sixty days, the named respondent has not appeared in the action.  Petitioner filed the instant motion for dismissal of the petition on the ground that the petition is moot because on October 14, 2011, Petitioner received the one day of credit that he sought by the petition for writ of habeas corpus.

Subject to other provisions of law, a Petitioner may

1

1 voluntarily dismiss an action without leave of court before
2 service by the adverse party of an answer or motion for summary
3 judgment.  Fed. R. Civ. P. 41(a).  Otherwise, an action shall not
4 be dismissed except upon order of the court and upon such terms
5 and conditions as the court deems proper.  Id.
6    It appears that the only relief Petitioner sought was
7 earlier release from custody.  It further appears that Petitioner
8 was released from custody early.  The matter is therefore be moot
9 because the Court may no longer grant any effective relief.  See
10 Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (holding that the
11 habeas claim was moot where a former inmate sought placement in a
12 community treatment center but was subsequently released on
13 parole and no longer sought such a transfer).
14    It is concluded that Petitioner is entitled to dismissal.
15    Petitioner requests a dismissal without prejudice.
16    The dismissal of the petition will be denominated as a
17 dismissal without prejudice.  However, Petitioner is forewarned
18 that there is a one-year limitations period in which a federal
19 petition for writ of habeas corpus must be filed.  28 U.S.C.
20 § 2244(d)(1).  In most cases, the one-year period begins to run
21 at the conclusion of direct review.  Id.  The limitations period
22 is tolled while a properly filed request for collateral review is
23 pending in state court.  28 U.S.C. § 2244(d)(2); Nino v. Galaza,
24 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846
25 (2000).  However, the limitations period is not tolled for the
26 time such an application is pending in federal court.  Duncan v.
27 Walker, 121 S.Ct. 2120, 2129 (2001).
28    Accordingly, it is ORDERED that:

1) Petitioner's motion for voluntary dismissal is GRANTED; and

2) The petition for writ of habeas corpus is DISMISSED without prejudice; and

3) The Clerk is DIRECTED to close this action because this order terminates the proceeding in its entirety.

IT IS SO ORDERED.

Dated:    October 31, 2011                          /s/ signature

CHIEF UNITED STATES DISTRICT JUDGE